UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK ANTHONY JONES,
    Plaintiff,

                                              PRISONER
v.                              CASE NO. 3:10-cv-458 (JBA)

DR. JAMES PLESSMAN, et al.,
    Defendants.

## INITIAL REVIEW ORDER

The plaintiff was incarcerated at Northern Correctional Institution ("Northern") when he filed this action. Because the complaint failed to include a request for relief as required by Rule 8(a), Fed. R. Civ. P., the court issued an order directing the plaintiff to file an amended complaint. The plaintiff has filed an amended complaint that names thirty-one defendants and includes a request for relief.[1]

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

---

[1] The court notes that two months after filing his amended complaint, the plaintiff filed copies of grievances forms. These forms have been docketed by the Clerk as exhibits to the amended complaint. The Supreme Court has held that prisoners are required to exhaust their administrative remedies **before** commencing an action in federal court and must comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). The grievance forms are all dated after the date the plaintiff filed the amended complaint. Thus, the court does not consider these exhibits to be evidence that the plaintiff exhausted his administrative remedies as to any of the claims in the amended complaint.

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The caption of the amended complaint includes the following

defendants: Dr. James Plessman, Dr. Harold Silver and Dental Assistant Kim of Corrigan Correctional Institution ("Corrigan"), Dental Worker Carol of Northern and Dr. Richard P. Benoit of the University of Connecticut Health Center ("UCONN"). On pages three through seven, the plaintiff describes twenty-six additional defendants. The plaintiff names the following additional defendants from Northern: Dental Worker John Doe, Medical Supervisor Jane Doe, Dental Worker Carol, Dental Worker John Doe, Head Nurse Supervisor Jane Doe, Warden Quiros, Correctional Officer Lovit, Captain Butkiewicus, Counselor Supervisor Fargo, Counselor Supervisor Davis, Counselor Kay, C.T.O. McCormack, Grievance Coordinator Peterson, Mail Room Worker Deb Inglis and Correctional Officer Colan. The plaintiff names the following additional defendants from Corrigan: Medical Supervisor Jane Doe, Administrator Mary Ellen Castro, Captain John Doe, Deputy Warden Jane Doe, C.T.O. John Doe, Correctional Officer Wing, Correctional Officer Murphy, D.R. Investigator John Doe and Warden John Doe. The plaintiff names the following additional defendants from UCONN: Dental Services Coordinator Dr. Albert N. Toro and MSN Tracy Keel.

The plaintiff includes no allegations in his amended complaint other than a letter that was included in his complaint filed in March 2010. The letter addresses ongoing dental issues that began in November 2008 when he was confined at Corrigan.

3

The plaintiff stated that at some point after November 12, 2008, he had two teeth pulled. He underwent surgery on March 31, 2009. He was not see after the surgery by either Dr. Silver or Dr. Plessman or the medical department at Corrigan and his condition became worse.

Medical staff put the plaintiff on antibiotics, but the medication caused him to have diarrhea. Medical staff prescribed an anti-diarrheal medication. The plaintiff was on pills from November 2008 until the middle of June 2009.

Correctional Officers Wing, Anderson and Murphy conducted a search of the plaintiff's cell and threw out some paperwork pertaining to his "situation." The Warden, the Deputy Warden and a Captain at Corrigan took no action in response to the plaintiff's grievances about this incident.

The plaintiff's gums have been bleeding since the two teeth were pulled in November 2008. No one in the dental department at Corrigan would tell the plaintiff if his bleeding gums meant he had gum disease. At some point, the plaintiff learned that Drs. Plessman and Silver had stopped working at Corrigan. The new dentist at Corrigan did not think there was anything wrong with the plaintiff's gums and told him that he only needed to have his teeth cleaned and to have several cavities filled.

At some point prior to September 2009, Corrigan officials transferred the plaintiff to Northern. When the dental workers

4

at Northern reviewed the plaintiff's dental chart they informed the plaintiff that he needed to have two wisdom teeth pulled. At some point, a dentist pulled only one of the two wisdom teeth. The plaintiff did not receive any antibiotics after this extraction.

On September 3, 2009, the plaintiff's mouth was bleeding. Dental staff told the plaintiff that his situation was not an emergency. On September 28, 2009, a dental worker told the plaintiff he had gum disease. Dental Staff at Northern have ignored this problem and failed to clean the plaintiff's teeth or fill his cavities. The plaintiff also has a lump on his lower right jaw. No action has been taken by dental or medical staff at Northern regarding the lump. The plaintiff seeks money damages and unidentified injunctive and declaratory relief.

**I.   Failure to State a Violation of a Constitutional Right**

The plaintiff does not refer to Dental Assistant Kim of Corrigan, Medical Supervisor Jane Doe at Corrigan, Medical Supervisor Jane Doe at Northern, Head Nurse Supervisor Jane Doe at Northern, C.T.O. John Doe at Corrigan, D.R. Investigator John Doe at Corrigan, Correctional Officer Lovit, Captain Butkiewicus, Counselor Supervisor Fargo, Counselor Supervisor Davis, Grievance Coordinator Peterson, Mail Room Worker Deb Inglis, Correctional Officer Colan,, Administrator Mary Ellen Castro, Dr. Richard P. Benoit, Dental Services Coordinator Dr. Albert N. Toro or MSN

Tracy Keel in the body of the complaint. Nor are these defendants mentioned in the attachment to the complaint. As such, the plaintiff has not alleged that they violated his federally or constitutionally protected rights. All claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal or factual basis.

## II. Eleventh Amendment

To the extent that plaintiff sues the remaining defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims for money damages against defendants Drs. Plessman and Silver, Correctional Officers Wing and Murphy, Counselor Kay, C.T.O. McCormack, Warden Quiros, Dental Worker Carol and the John Doe Dental Workers in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## III. Cell Search and Confiscation of Property

The plaintiff claims that Correctional Officers Wing and Murphy conducted a search of his cell and threw away documents pertaining to his "situation." When he complained about the loss

6

of the document, they allegedly laughed at the plaintiff. The plaintiff alleges that he filed grievances with Captain John Doe, Deputy Warden Jane Doe and Warden John Doe of Corrigan regarding the cell search, but they did not respond to these grievances.

The plaintiff attaches a grievance to his complaint in which he complains that in April 2010, Counselor Kay lost a document that he had given to C.T.O. McCormack. On May 6, 2010, Warden Quiros responded that prison staff at Northern were trying to locate the missing document.

As a prisoner, plaintiff has no expectation of privacy in his cell. Thus, the Fourth Amendment proscription against unreasonable searches and seizures does not apply. *See Hudson v. Palmer*, 468 U.S. 517, 525-28 & n.8 (1984). The plaintiff's unreasonable search claims against defendants Wing and Murphy are dismissed. *See* 28 U.S.C. § 1915A(b)(1)

The plaintiff also asserts Fourteenth Amendment claims against defendants Wing and Murphy for deprivation and destruction of personal property and against defendants McCormack, Kay and Quiros for loss of property. The Supreme Court has found that the Due Process Clause of the Fourteenth Amendment is not violated when a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy. *See Hudson*, 468 U.S. at 533;

*Parratt v. Taylor*, 451 U.S. 527, 543 (1981).

The State of Connecticut provides an adequate remedy for the kind of deprivations plaintiff alleges. *See* Conn. Gen. Stat. § 4-141 *et seq.* (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission); *see also, e.g.*, *S. v. Webb*, 602 F. Supp. 2d 374, 386 (D. Conn. 2009) (finding Connecticut has sufficient post-deprivation remedies for seizures of property by state officials). This state remedy is not rendered inadequate simply because plaintiff anticipates a more favorable remedy under the federal system or it may take a longer time under the state system before his case is resolved. *See Hudson*, 468 U.S. at 535. Thus, any federal claim that defendants Wing and Murphy lost or destroyed the plaintiff's personal property during the cell search and Counselor Kay and C.T.O. McCormack lost a document pertaining to a lawsuit of the plaintiff are not cognizable in this action. The federal claims against defendants Wing, Murphy, Kay, McCormack and Quiros are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**IV. Failure to Respond to Grievances and Letters**

The plaintiff alleges that Captain John Doe of Corrigan, Deputy Warden Jane Doe of Corrigan and Warden John Doe of Corrigan violated his constitutional rights when they failed to respond to his grievances and letters about the cell search

undertaken by Officers Wing and Murphy. "It is well established ... that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582 F.Supp.2d 437, 445-46 (W.D.N.Y.2008) (collecting cases); *Pocevic v. Tung*, No. 3:04CV1067 (CFD), 2006 WL 680459, at *8 (D. Conn. Mar.14, 2006)("court can discern no federally or constitutionally protected right that was violated by defendant ['s] failure to comply with the institutional procedures regarding the timing of his response to [plaintiff's] level 2 grievance").

Furthermore, a prisoner's allegation that a supervisory official failed to respond to a grievance or letter is insufficient to establish that the official "failed to remedy that violation after learning of it through a report or appeal" or "exhibited deliberate indifference ... by failing to act on information indicating that the violation was occurring." *Rivera v. Goord*, 119 F. Supp. 2d 327, 344-45 (S.D.N.Y. 2000); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability."); *Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) ("If the [supervisory] official is confronted with a violation that has

9

already occurred and is not ongoing, then the official will not be found personally responsible for failing to remedy a violation.") Accordingly, the claims against Corrigan defendants Captain John Doe, Deputy Warden Jane Doe and Warden John Doe are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

After reviewing the complaint, the court concludes that the case should proceed at this time as to the Eighth Amendment claims of deliberate indifference to dental needs against Drs. Plessman and Silver and Dental Worker Carol in their individual capacities and against these same defendants in their official capacities to the extent that plaintiff seeks injunctive and declaratory relief. Although the plaintiff also names two John Doe dental workers at Northern as defendants, the court is unable to serve the complaint on those Doe defendants unless the plaintiff identifies them by name and address.

**ORDERS**

The court enters the following orders:

(1) All claims against defendants Correctional Officers Wing and Murphy, Counselor Kay, C.T.O. McCormack, Warden Quiros, Captain Butkiewicus, Counselor Supervisor Fargo, Counselor Supervisor Davis, Grievance Coordinator Peterson, Mail Room Worker Deb Inglis, Correctional Officer Colan, Administrator Mary Ellen Castro, Dr. Richard P. Benoit, Dr. Albert N. Toro, MSN Tracy Keel, Captain John Doe at Corrigan, Deputy Warden Jane Doe

10

at Corrigan, Warden John Doe of Corrigan, Medical Supervisor Jane Doe at Corrigan, Dental Assistant Kim at Corrigan, C.T.O. John Doe at Corrigan, D.R. Investigator John Doe at Corrigan, Correctional Officer Lovit at Northern, Medical Supervisor Jane Doe at Northern and Head Nurse Supervisor Jane Doe at Northern are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims asserted against these defendants. *See* 28 U.S.C. § 1367(c)(3) (permitting federal court to decline to exercise supplemental jurisdiction where all federal claims have been dismissed before trial).

The claims against defendants Drs. Plessman and Silver, Dental Worker Carol and the John Doe Dental Workers at Northern for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The case shall proceed as to the claims of deliberate indifference to dental needs against Drs. Plessman and Silver and Dental Worker Carol in their individual capacities and against these same defendants in their official capacities to the extent that plaintiff seeks injunctive and declaratory relief.

(2) On or before 8/26/11, **the U.S. Marshals Service shall** serve the summons, a copy of the Amended Complaint [Doc. #10] and this Order on defendants Drs. Plessman and Silver and Dental Worker Carol in their official capacities by delivering the

11

necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) On or before 8/26/11, **the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Drs. Plessman and Silver and Dental Worker Carol at Northern and mail waiver of service of process request packets to each of these defendants in his or her individual capacity at his or her current work address. On or before 9/2/11, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6) **Defendants shall** file their response to the amended complaint, either an answer or motion to dismiss, on or before 10/28/11. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed on 3/16/12. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed by 4/16/12.

(9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed, or by 5/7/12. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) Plaintiff is hereby notified that the court cannot serve the complaint on the John Doe Dental Workers at Northern until he identifies these defendants by name. The plaintiff will have 60 days from the date of this order to file a notice identifying these defendants by name **or by 10/26/11**. If the plaintiff fails to file a notice within the time specified, the claims against these defendants will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ.

13

P. and the case will proceed only as to the claims against Drs. Plessman and Silver and Dental Worker Carol.

**SO ORDERED** this 19th day of August 2011, at New Haven, Connecticut.

/s/ Joan G. Margolis, USMJ
_____
Joan Glazer Margolis
United States Magistrate Judge